United States District Court
Southern District of Texas
**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ETHAR MOHAMMED ALI ALHASSAN,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-cv-00461** |
| | § | |
| **ORLANDO PEREZ,** *et al.*, | § | |
| **Respondents.** | § | |

## ORDER

On May 18, 2026, Petitioner filed an Emergency Application for a Temporary Restraining Order and Preliminary Injunction, (Dkt. No. 15), seeking an emergency temporary restraining order to prevent Respondents from transferring her outside this Court's jurisdiction or removing her to a third country before she receives the process she contends is required under the Due Process Clause of the Fifth Amendment. (Dkt. No. 15 at 1–2).

The Court granted the motion in part and temporarily enjoined Respondents from removing Petitioner before June 3, 2026, or until the Court issues a subsequent ruling on the motion for preliminary injunction, whichever is earlier. (Dkt. No. 19). The Court held a hearing on Petitioner's Application for Preliminary Injunction on May 28, 2026. (Min. Entry May 28, 2026).

A temporary restraining order (TRO) can be extended an additional fourteen days for good cause. Fed. R. Civ. P. 65(b)(2). District Courts in the Fifth Circuit have concluded "good cause" exists to accommodate the court's need for additional time to fully consider a preliminary injunction motion, and where an enjoined party suffered no harm. *See State of Texas v. United States of America, et al.*, No. 6:21-CV-00003, Dkt. No. 67 at 3 (S.D. Tex. Feb. 8, 2026); *see also Sec. & Exch. Comm'n* v. *AriseBank*, No. 3:18-CV-186, 2018 WL 10419828, at \*1 (N.D. Tex. Mar. 9, 2018) ("Courts have found good cause to extend TROs, for example, where the court needed 'time to fully consider the various arguments and motions of the parties'").

The Court finds good cause to extend the temporary restraining order for an additional week so that the Court can fully evaluate the issues and briefing raised by the parties.

As such, the Court's Order, (Dkt. No. 19), enjoining Respondents from removing Petitioner without the described procedures, is **EXTENDED to June 12, 2026**, or until the Court enters an order on the preliminary injunction.

It is so **ORDERED**.

**SIGNED** on June 3, 2026.

John A. Kazen
United States District Judge